*809 MEMORANDUM **
The district court correctly concluded that the Mutual Aid Fund (“MAF”) is not a governmental plan exempted from ERISA coverage because the MAF is not “a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing.” 29 U.S.C. §§ 1002(32), 1003(b)(1); see also Silvera v. Mut. Life Ins. Co., 884 F.2d 423, 425 (9th Cir.1989). Rodrigues’s argument based on an extension of a National Labor Relations Act exemption, 29 U.S.C. § 152(2), as stated in Rose v. Long Island Railroad Pension Plan, 828 F.2d 910, 915-16 (2d Cir.1987), fails because he has not provided evidence demonstrating that the MAF was “either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.” See id. at 916.
The district court also correctly held that Rodrigues acted as a fiduciary of the MAF with respect to the Best Rescue loans. In relevant part, a person’s actions will confer fiduciary status under ERISA if:
(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, [or] (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so....
29 U.S.C. § 1002(21)(A).
Rodrigues argues that MAF’s trustees had exclusive discretion to invest the MAF’s assets and thus Plaintiff failed to demonstrate that Rodrigues “actually controlled the MAF trustees such that he caused them to relinquish their exclusive and independent discretion regarding investments.” But we have stated that “[although responsibility is originally vested upon the ‘named fiduciary’ of an employee benefit plan, such status may be imposed on anyone who carries out fiduciary duties.” CSA 401(K) Plan v. Pension Prof'ls, Inc., 195 F.3d 1135, 1138 (9th Cir.1999) (citation omitted). Here, Rodrigues alone managed the relationship with Hewitt, who never had contact with the MAF’s trustees or anyone else from the MAF regarding Best Rescue. Further, the record indicates that Rodrigues executed the Security Agreement and approved each of the promissory notes securing the loans in his discretion; did not present any of the promissory notes or the Security Agreement to the trustees; did not disclose the terms of the notes to the trustees; and first recommended the Best Rescue loans to the trustees after he had already arranged the first two loans.
The district court also correctly concluded that Rodrigues breached his fiduciary duties under 29 U.S.C. § 1104 with respect to the second through sixth loans to Best Rescue. Rodrigues conducted no due diligence into the Best Rescue loans. He also failed to make minimal inquiries with either Hewitt or an outside advisor when Best Rescue failed to repay half the first “interim” loan or secure other long *810 term financing, which was expected before the time the second loan was made. He also made no inquiries when the promissory note securing the second loan omitted any reference to Best Rescue’s attempts to obtain long-term financing. Had Rodri-gues made inquiries, he would have discovered that Best Rescue remained a nascent enterprise that had received no additional financing.
As to the district court’s conclusion that Rodrigues is liable under 29 U.S.C. § 1105 for enabling Hewitt to breach his fiduciary duties, Rodrigues’s only argument on appeal is derivative of the district court’s allegedly erroneous determination that Rodrigues breached his own fiduciary duties. Because we determine that the district court correctly concluded that Rodrigues breached his duties to the MAF, this argument fails.
The district court did not err by not applying the “permissible percentage standard” in calculating damages because that standard applies only in cases where “the breach of fiduciary duty arises from the degree rather than the mere fact of investment in a particular security.” Cal. Ironworkers Field Pension Trust v. Loomis Sayles, 259 F.3d 1036, 1046-47 (9th Cir.2001). The permissible percentage standard does not apply here, where the district court based the damage award on the fact that the second through sixth Best Rescue loans were made, not the degree of investment.
Rodrigues has provided no authority supporting application of the doctrine of avoidable consequences in the ERISA context to entitle him to a $200,000 setoff for the settlement money recovered from Hewitt’s insurer. Under 29 U.S.C. § 1109(a), damages are measured by “any losses to the plan” resulting from the fiduciary’s breach, and the district court correctly calculated damages under this standard.
Finally, Rodrigues’s argument that he is entitled to indemnification under 29 U.S.C. § 1132(a)(3) fails. Section 1132(a)(3) is a civil enforcement provision that permits certain individuals to “bring a civil action” seeking equitable relief. Rodrigues did not file a civil action based on an affirmative claim of indemnification and did not cross-claim for indemnification against the MAF’s trustees. Additionally, Rodrigues’s argument that the indemnification issue was tried by “implied consent” under Federal Rule of Civil Procedure 15(b)(2) fails because (1) he did not move to amend the pleadings to conform to the evidence, Fed.R.Civ.P. 15(b)(2); and (2) the issue of indemnification, a newly raised issue, is only “inferentially suggested by incidental evidence in the record.” See Madeja v. Olympic Packers, LLC, 310 F.3d 628, 636 (9th Cir.2002) (“Rule 15(b) does not permit amendments to include issues which are only inferentially suggested by incidental evidence in the record.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.